UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re Application of

CHEVRON CORPORATION,

                          Petitioner,                    14-mc-0392 (LAK)

for an Order Pursuant to 28 U.S.C. § 1782
to Conduct Discovery from MCSquared PR,
Inc. for Use in Foreign Proceedings.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER

LEWIS A. KAPLAN, *District Judge.*

        Petitioner Chevron Corporation ("Chevron") commenced this action for an order, pursuant to 28 U.S.C. § 1782, to conduct discovery from MCSquared PR, Inc. ("MCS"), and, more specifically, to authorize the issuance of a subpoena addressed to MCS requiring the production of documents and the giving of a deposition. The matter now is before the Court on a motion by MCS [DI 35] to seal four exhibits submitted by Chevron, namely Exhibits 147, 155, 195 and 198 to the declaration of Anne Champion [DI 4]. It claims that these documents "appear" to have been obtained in violation of Ecuadorian law as well as the U.S. Stored Communications Act and that they contain sensitive, private information.

        Chevron disputes MCS's allegations, claims that the documents are public records, and argues that they contain no sensitive information. It nevertheless does not oppose sealing those four exhibits and offered to consent to their being sealed. Not surprisingly, however, the parties were unable to reach agreement on the language of a stipulation doing so. MCS therefore filed the present motion. Chevron consents to the sealing sought by the motion [DI 38].

        In the circumstances, the Court grants MCS's motion on consent. In doing so, it expresses no opinion with respect to the parties' competing contentions. Nor does it make any determination whether there is good cause for sealing these exhibits or whether the common law and First Amendment-based presumptions of the public availability of judicial documents have been overcome. There will be time enough for such analysis if, as and when there is a need to consider public access. *See, e.g., Salomon Smith Barney Inc. v. HBO & Co.,* No. 98 Civ. 8721 (LAK), 2001 WL 225040 (S.D.N.Y. Mar. 7, 2001); *In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 243-44 (S.D.N.Y. 2009); *Greater Miami Baseball Club Ltd. v. Selig,* 955 F. Supp. 37, 39 (S.D.N.Y. 1997); *LaChica v. City of New York,* No. 94 Civ. 7379 (LAK), 1995 WL 77928 (S.D.N.Y. Feb. 23, 1995). The Court, moreover, retains the ability to determine, on the basis of the existing record, whether public access is appropriate.

        SO ORDERED.

Dated:     January 23, 2015

                                                                                  Lewis A. Kaplan
                                                                United States District Judge